JUDGE CHIN

A CERTIFIED TRUE COPY

ATTEST

By Denise Morgan-Stone on Jun 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**

JUN 1 5 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND  SF

09  CV  5410

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 10, 2009**

FILED
CLERK'S OFFICE

SDNY

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

### IN RE: BANK OF AMERICA CORP. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

MDL No. 2058

### TRANSFER ORDER

**Before the entire Panel**:  Defendant Bank of America Corp. (Bank of America) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Southern District of New York of the 30 actions listed on Schedule A.  The motion is supported by a lead plaintiff movant group[1] and plaintiffs in seven Southern District of New York actions.[2]  Plaintiff in the District of Kansas action supports centralization in the Southern District of New York for coordination of the actions, as opposed to consolidation.  Plaintiffs in a potential tag-along action pending in the District of Delaware support centralization in the District of Delaware.

This litigation currently consists of 30 actions pending as follows:  28 actions in the Southern District of New York and one action each in the Northern District of California and the District of Kansas.[3]

On the basis of the papers filed and hearing session held, we find that these 30 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions regarding alleged misrepresentations and omissions made in the context of Bank of America's acquisition of Merrill Lynch & Co., Inc.  Centralization under

---

[1]  The group consist of the following public pension funds: the State Teachers Retirement System of Ohio, the Ohio Public Employees Retirement System, the Teacher Retirement System of Texas, Stichting Pensioenfonds Zorg en Welzjin (represented by PGGM Vermogensbeheer B.V.) and Fjärde AP-Fonden.

[2]  Bank of America represented that defendants John A. Thain, Kenneth D. Lewis and Joe L. Price consent to the motion for centralization.

[3]  In addition to the 30 actions now before the Panel, the parties have notified the Panel of a related action pending in the District of Delaware.  This action and any other related actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



A CERTIFIED COPY
J. MICHAEL McMAHON,
CLERK

BY
DEPUTY CLERK

- 2 -

Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The concerns of plaintiff in the District of Kansas action regarding the manner and extent of coordination or consolidation of her action with the pretrial proceedings in other actions can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation*, 374 F.Supp.2d 1348, 1349-50 (J.P.M.L. 2005).

The Southern District of New York stands out as an appropriate transferee forum. Most of the 28 actions in this district are already pending before Judge Denny Chin, who has had an opportunity to become familiar with the contours of this litigation. In addition, both Merrill Lynch and Bank of America have a significant presence in the Southern District of New York. Relevant documents and witnesses can thus be expected to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denny Chin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION


_____
John G. Heyburn II
Chairman

J. Frederick Motz                Robert L. Miller, Jr.
Kathryn H. Vratil               David R. Hansen
W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.

IN RE: BANK OF AMERICA CORP.
SECURITIES, DERIVATIVE, AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA) LITIGATION                    MDL No. 2058

## SCHEDULE A

### Northern District of California

Jacques Cromier, et al. v. Bank of America Corp., et al., C.A. No. 4:09-544

### District of Kansas

Michael R. Bahnmaier v. Bank of America Corp., et al., C.A. No. 2:09-2099

### Southern District of New York

Steven J. Sklar v. Bank of America Corp., et al., C.A. No. 1:09-580
Finger Interests Number One Ltd. v. Bank of America Corp., et al., C.A. No. 1:09-606
Fort Worth Employees' Retirement Fund, et al. v. Bank of America Corp., et al., C.A. No.
    1:09-638
Frank Palumbo, et al. v. Bank of America Corp., et al., C.A. No. 1:09-740
Louisiana Municipal Police Employees Retirement System, etc. v. Kenneth D. Lewis, et al.,
    C.A. No. 1:09-808
Steven Waldman v. Kenneth D. Lewis, et al., C.A. No. 1:09-834
Vernon C. Dailey v. Bank of America Corp., et al., C.A. No. 1:09-851
Rhonda Wilson v. Bank of America Corp., et al., C.A. No. 1:09-880
Charles Zitner v. Bank of America Corp., et al., C.A. No. 1:09-881
Mark Adams v. Bank of America Corp., et al., C.A. No. 1:09-914
Fred Stabbert, et al. v. Bank of America Corp., et al., C.A. No. 1:09-928
Lesley Wright v. Bank of America Corp., et al., C.A. No. 1:09-1056
Hollywood Police Officers' Retirement System, etc. v. Kenneth D. Lewis, et al., C.A. No.
    1:09-1174
Margaret Stricker, et al. v. The Bank of America Corp. Corporate Benefits Committee, et al.,
    C.A. No. 1:09-1177
Martin Siegel, etc. v. Kenneth D. Lewis, et al., C.A. No. 1:09-1331
Edward Thomas Smith v. Kenneth D. Lewis, et al., C.A. No. 1:09-1333
James F. Lehmann, etc. v. Kenneth D. Lewis, et al., C.A. No. 1:09-1434
Gary Welikson v. Bank of America Corp., et al., C.A. No. 1:09-1463
Jennifer R. Young, et al. v. Kenneth D. Lewis, et al., C.A. No. 1:09-1561
Robert Anderson, etc. v. Kenneth D. Lewis, et al., C.A. No. 1:09-1572
Leo G. Gilliam, et al. v. Bank of America Corp., et al., C.A. No. 1:09-1606

- A2 -

Southern District of New York (Continued)

West Palm Beach Firefighters' Pension Fund v. Bank of America Corp., et al., C.A. No. 1:09-1612
Ellen K. Fauerbach v. Bank of America Corp., et al., C.A. No. 1:09-1941
Naomi Raphael v. Bank of America Corp., et al., C.A. No. 1:09-2350
Alma Alvarez, et al. v. Bank of America Corp., et al., C.A. No. 1:09-2389
West Palm Beach Police Pension Fund, et al. v. Kenneth D. Lewis, et al., C.A. No. 1:09-2581
Westmoreland County Employee Retirement System, etc. v. Kenneth D. Lewis, et al., C.A. No. 1:09-2609
Judy Calibuso v. Bank of America Corp., et al., C.A. No. 1:09-2674